**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

KYLE JOHNSON,

*Plaintiff - Appellee*,

v.

JAMES ADGAR, San Jose Police Department Officer, Badge No. 4552,

*Defendant - Appellant*,

CITY OF SAN JOSE, TIMOTHY HARPER,

*Defendants*.

No. 25-1392

D.C. No. 5:21-cv-01849-BLF
Northern District of California, San Jose

ORDER CERTIFYING QUESTION TO THE SUPREME COURT OF CALIFORNIA

KYLE JOHNSON,

*Plaintiff - Appellee*,

v.

San Jose Police Department Officer JAMES ADGAR, Badge No. 4552,

*Defendant - Appellant*,

No. 25-5468

D.C. No. 5:21-cv-01849-BLF
Northern District of California, San Jose

CITY OF SAN JOSE,

*Defendant*.

Filed November 2, 2026

Before: Richard A. Paez, Richard C. Tallman, and Mark J. Bennett, Circuit Judges.

## SUMMARY*


### Certification to California Supreme Court / Qualified Immunity

The panel filed (1) an order certifying a question to the California Supreme Court; and (2) an opinion reversing the district court's denial of Officer James Adgar's post-verdict motion for judgment as a matter of law based on qualified immunity as to Kyle Johnson's Fourth Amendment excessive force claim under 42 U.S.C. § 1983, and remanding.

The panel certified to the California Supreme Court the following question:

What is the standard for determining whether a particular constitutional right is "clearly delineated and plainly applicable" under the Tom Bane Civil Rights Act, Cal. Civ.


* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Code § 52.1? What is the difference between this standard and the standard used to determine if the law is "clearly established" for purposes of federal qualified immunity under 42 U.S.C. § 1983, if any?

In a concurrently filed opinion, the panel held that Officer Adgar is entitled to qualified immunity as to the Fourth Amendment excessive force claim under 42 U.S.C. § 1983.

While attending a protest at San Jose City Hall, Johnson was struck behind his knee by a 40mm foam baton round. Officer Adgar fired that round in response to a volley of projectiles thrown at police officers by other protestors in the crowd. Doctors later diagnosed Johnson with a pulmonary embolism, attributed to the leg injury he suffered at the protest. Johnson brought this action alleging, in part, that Officer Adgar's actions violated his Fourth Amendment rights and California's Bane Act.

At trial, Johnson argued that he was shot because Officer Adgar fired indiscriminately into the crowd rather than targeting a specific person. Following a jury verdict in Johnson's favor on all claims against Officer Adgar, Officer Adgar renewed his earlier-filed motion for judgment as a matter of law on the 42 U.S.C. § 1983 and Bane Act claims. The district court denied the motion as to the claims predicated on a Fourth Amendment violation.

The panel first held that Officer Adgar violated Johnson's Fourth Amendment right to be free from excessive force. The panel concluded that substantial evidence supported the jury's finding that Officer Adgar seized Johnson when he indiscriminately shot into the crowd (of which Johnson was a member) and that Officer Adgar's use of force was unreasonable. Given the disproportionate

number of peaceful protestors in the part of the crowd at which he fired, there was a significant risk that he would hit someone not engaged in wrongdoing with a weapon that could cause serious injury or death.

Although the panel concluded that Officer Adgar violated Johnson's Fourth Amendment right to be free from excessive force, the panel held that he is entitled to qualified immunity as to the Fourth Amendment claim. The panel concluded that Officer Adgar did not violate clearly established law because *Nelson v. City of Davis*, 685 F.3d 867 (9th Cir. 2012), the relevant precedent, is materially distinguishable from the situation he confronted.

Accordingly, the panel reversed the district court's denial of Officer Adgar's post-verdict motion for judgment as a matter of law on the Fourth Amendment claim and remanded for a recalculation of attorneys' fees, pending the panel's decision as to the state law claim. The panel did not address the Bane Act claim in its opinion.

Dissenting in part, Judge Paez agreed with the majority that Officer Adgar violated Johnson's Fourth Amendment right to be free from excessive force. However, he disagreed with the majority's conclusion that Officer Adgar is nonetheless entitled to qualified immunity. Judge Paez wrote that *Nelson* clearly established the unlawfulness of shooting a projectile weapon capable of causing serious and permanent injury indiscriminately into a group of protestors who did not pose an imminent risk to public safety. This ruling offered sufficient notice to Officer Adgar that he used excessive force against Johnson, precluding qualified immunity on Johnson's excessive force claim. Judge Paez wrote that in concluding otherwise, the majority overlooked the panel's obligation to analyze the motion based on the

facts established at trial, viewing the evidence in the light most favorable to Johnson, and drawing all reasonable inferences in favor of him.

---

## ORDER

We certify to the California Supreme Court the question set forth in Part II of this order. Further proceedings are stayed pending receipt of the response to the certified question, and these consolidated cases are withdrawn from submission until further order of this Court. If the California Supreme Court accepts the certified question, the parties will file a joint status report six months after the date of acceptance and every six months thereafter, advising us of the status of the proceeding.

### I. Administrative Information

Officer James Adgar is deemed the petitioner because he appeals from the district court's ruling. The title and number of these consolidated cases can be found in the caption of this order. The names and addresses of counsel are:

For Defendant-Appellant Officer James Adgar: Ardell Johnson, Brian Patrick Eggleston, and Thomas John Gray; Office of the City Attorney, 300 East Santa Clara Street, 16th Floor, San Jose, California 95113.

For Plaintiff-Appellee Kyle Johnson: Abimael Bastida, James McManis, and Matthew Schechter; McManis Faulkner, 50 West San Fernando Street, 10th Floor, San Jose, California 95113.

The City of San Jose and Timothy Harper are not parties to this appeal.

## II. Certified Question

Pursuant to California Rules of Court, rule 8.548(b)(2), we certify the question presented below. There is no controlling California precedent regarding the certified question, the answer to which could determine the outcome of this appeal. Cal. R. Ct., rule 8.548(a). It is also an issue likely to recur and affect state civil rights cases brought under federal pendent jurisdiction throughout California's four federal districts. The question certified is as follows:

> What is the standard for determining whether a particular constitutional right is "clearly delineated and plainly applicable" under the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1? What is the difference between this standard and the standard used to determine if the law is "clearly established" for purposes of federal qualified immunity under 42 U.S.C. § 1983, if any?

Our phrasing of this question is not intended to restrict the California Supreme Court's consideration of the issues, Cal. R. Ct., rule 8.548(f)(5), and we agree to accept and follow the California Supreme Court's decision, Cal. R. Ct., rule 8.548(b)(2).

## III. Statement of Facts

This case arose from a protest at San Jose City Hall on May 30, 2020, the evening after protests began on May 29 following the death in Minneapolis of George Floyd. A crowd assembled at the City Hall plaza during daylight hours. A police skirmish line was formed in the street between the crowd and what appeared to be an active

construction site. During the day, the crowd was generally benign, chanting and singing, with some protestors conversing with officers in the skirmish line. Some officers testified that as night fell, the crowd became more agitated.

Kyle Johnson arrived at City Hall at 21:53 hrs. He was there to show solidarity with the other protestors and intended to do nothing but peacefully protest. He had no sign, no weapon, and nothing to throw, and he did not engage with the police in any way.

Officer James Adgar arrived at City Hall at 22:13. He was armed with a 40mm projectile impact weapon (PIW), which fires a foam baton round that can cause serious injury or death. He was assigned to a post behind the skirmish line and ordered to shoot with his PIW anyone he saw throwing bottles. At 22:24, about ten minutes after Officer Adgar arrived on scene, some protestors began throwing bottles and perhaps other objects at the officers; some of the projectiles were made of glass. Officers, including Officer Adgar, responded by firing PIWs. Protestors, including Johnson, retreated from the plaza.

The crowd, including Johnson, quickly returned to the plaza. But at 22:33, some protestors threw another volley of objects at the police. Officers, including Officer Adgar, again responded by firing PIWs. Johnson, who had not thrown anything, was hit in the back of his left leg. Doctors later diagnosed him with a pulmonary embolism, attributed to the leg injury he suffered at the protest.

Johnson sued the City of San Jose and Officer Adgar, bringing claims under 42 U.S.C. § 1983 for violations of his First and Fourth Amendment rights, under California's Bane Act for interference with those same constitutional rights, and under common law for battery and negligence. At trial,

Johnson argued that he was shot because Officer Adgar had fired indiscriminately into the crowd rather than targeting a specific person.

The jury returned a verdict in Johnson's favor on all claims against Officer Adgar, but on no claims against the City, and awarded him a lump sum of $1,353,313 in undifferentiated damages. As part of its verdict, the jury found that Officer Adgar had fired indiscriminately into the crowd.

After the verdict, Officer Adgar renewed his earlier-filed motion for judgment as a matter of law on the 42 U.S.C. § 1983 and Bane Act claims under Federal Rule of Civil Procedure 50(b).[1] The district court granted the motion as to the claims predicated on a First Amendment violation but denied it as to the claims predicated on a Fourth Amendment violation. Officer Adgar timely appealed.

In an opinion filed concurrently with this certification order, we held that Officer Adgar violated Johnson's Fourth Amendment right to be free from excessive force. But, in a split decision, the majority held that he was entitled to qualified immunity because no precedent clearly established that his conduct was unlawful. Thus, we reversed the district court's denial of judgment as a matter of law on that § 1983 claim, vacated the district court's award of attorneys' fees, and remanded the case to the district court to recalculate attorneys' fees. We did not address the Bane Act in our opinion.

[1] Officer Adgar did not challenge the jury's verdict regarding the battery and negligence claims.

## IV. Need for Certification

This appeal turns on the meaning of the phrase "clearly delineated and plainly applicable under the circumstances of the case," which the California Court of Appeal, First District, Division 4, used to describe one requirement of Bane Act liability. *See Cornell v. City & Cnty. of San Francisco*, 225 Cal. Rptr. 3d 356, 386 (Cal. Ct. App. 2017). The question is purely one of state law and is dispositive of this appeal: if the right at issue meets this standard, Officer Adgar is liable under the Bane Act; if it does not, he is not. Cal. R. Ct., rule 8.548(a)(1).

There is no controlling California precedent addressing this question. Cal. R. Ct., rule 8.548(a)(2). Because the right at issue in *Cornell* was the "constitutional right to be free from arrest without probable cause," and "there [was] nothing vague or novel about that claim under the circumstances of [that] case," the court did not expand on the phrase's meaning. *Cornell*, 225 Cal. Rptr. 3d at 386. While we have used that formulation when assessing Bane Act claims, *see, e.g.*, *Sandoval v. County of Sonoma*, 912 F.3d 509, 520 (9th Cir. 2018) (quoting *Cornell*, 225 Cal. Rptr. 3d at 386), we have not had occasion to explore the relationship between this standard and the standard for federal qualified immunity.

This case presents such an occasion. In the concurrently filed opinion, we held that Officer Adgar is entitled to qualified immunity against the federal § 1983 claim. While Officer Adgar violated Johnson's Fourth Amendment right, the unlawfulness of his conduct was not clearly established at the time. *See District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018) (setting forth the two-prong qualified immunity test). Officer Adgar argues that he is entitled to

judgment as a matter of law on the Bane Act claim because he did not violate a right that was "clearly delineated and plainly applicable under the circumstances of the case." *Cornell*, 225 Cal. Rptr. 3d at 386. How does our finding that the unlawfulness of the conduct was not clearly established affect our analysis of whether the right was "clearly delineated and plainly applicable under the circumstances of [this] case"? *Id.* Because Bane Act claims "are frequently brought along with Section 1983 claims" in federal court, *id.* at 384, this issue is recurring, and the answer will ensure that we give the Bane Act its full effect as intended by the California Legislature.

## V. Relevant Law

Under the Bane Act, any person who interferes or attempts to interfere "by threat, intimidation, or coercion" with a person's "exercise or enjoyment . . . of rights secured by the Constitution or laws" of the United States or California is liable to the victim for damages and equitable relief. Cal. Civ. Code § 52.1(b), (c). In *Cornell*, the district court of appeal held that the "by threat, intimidation, or coercion" requirement "is tested by whether the circumstances indicate the [defendant] had a specific intent to violate" the victim's constitutional or statutory right. 225 Cal. Rptr. 3d at 384. We have recognized that "[t]he elements of a Bane Act claim are essentially identical to the elements of a § 1983 claim, with the added requirement that the government official had a specific intent to violate a constitutional right." *Chinaryan v. City of Los Angeles*, 113 F.4th 888, 907 (9th Cir. 2024) (citation modified).

To evaluate the specific intent requirement, *Cornell* adopted the test articulated in the plurality opinion in *Screws v. United States*, 325 U.S. 91 (1945). 225 Cal. Rptr. 3d at

Case: 25-5468, 11/02/2026, DktEntry: 48.1, (11 of 13)



384–85. This test has two requirements. *Id.* at 386. First, the judge must make the "purely legal determination" of whether the right at issue is "clearly delineated and plainly applicable under the circumstances of the case." *Id.* If it is, the jury makes "the second, factual, determination" of whether the defendant acted "with the particular purpose of depriving the citizen victim of his enjoyment of the interests protected by that right." *Id.* (citation modified). The latter determination does not require the defendant to "recognize the unlawfulness of his act"; acting "in reckless disregard of constitutional . . . prohibitions or guarantees" suffices. *Id.* (citation modified).

But because the right at issue in *Cornell* was the "constitutional right to be free from arrest without probable cause," and "there [was] nothing vague or novel about that claim under the circumstances of [that] case," the court did not expand on the meaning of "clearly delineated and plainly applicable." *Id.* To say there is nothing "vague or novel" about a claim does little to explain what "clearly delineated and plainly applicable" means, especially in close cases. Here, for instance, the majority held that while Officer Adgar committed a constitutional violation, he is entitled to qualified immunity because it was not clearly established that his conduct was unconstitutional. Since the law was not clearly established, does that mean there is anything "novel" about applying the Fourth Amendment right "under the circumstances of [this] case"? *Id.*

Accordingly, we certify this question to determine what the differences may be, if any, under California law, between the "clearly delineated and plainly applicable" standard articulated in *Cornell* and the "clearly established law" standard used for assessing qualified immunity under federal law. *See Wesby*, 583 U.S. at 62–63 ("[O]fficers are entitled

to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." (Citation modified)). We are not aware of any case from the California Supreme Court or the California Courts of Appeal addressing this issue. The reasoning of the California Courts of Appeal that the qualified immunity framework does not apply to Bane Act claims, *see Venegas v. Cnty. of Los Angeles*, 63 Cal. Rptr. 3d 741, 753 (Cal. Ct. App. 2007), seems to suggest that the standards are not the same. We have not, however, found a California Supreme Court case adopting that position.

The answer to this question will determine the outcome of Officer Adgar's liability under the Bane Act. If, based on the California Supreme Court's answer to the certified question, he is not liable, this could have a significant impact on the fees to which Johnson is entitled.

But beyond the bounds of this case and as California courts have recognized, Bane Act claims are "frequently brought along with Section 1983 claims under federal pendent jurisdiction." *Cornell*, 225 Cal. Rptr. 3d at 384. Thus, the answer to the certified question would not only determine the outcome here, it would also inform how federal courts should resolve an issue that recurs regularly. If we were to define the relationship between the "clearly delineated" and "clearly established" standards ourselves, that interpretation would be binding on district courts in the Ninth Circuit—even if it were contrary to California law. Therefore, the "spirit of comity and federalism" counsels us to certify this issue to the California Supreme Court to establish a rule for us to follow in this case as well as in future civil rights cases. *Murray v. BEJ Mins., LLC*, 924 F.3d 1070, 1072 (9th Cir. 2019) (citation omitted).

## VI. Conclusion

The Clerk is hereby directed to file in the California Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, copies of all relevant briefs and excerpts of record, the related opinion and dissent, and an original and ten copies of this order and request for certification, along with a certification of service on the parties, pursuant to California Rule of Court 8.548(c) and (d).

The Clerk is directed to administratively close this docket, pending further order. This panel retains jurisdiction over further proceedings.

**IT IS SO ORDERED.**